mw/

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. AP-12-62
JAW-CUM-12/13/2013

SHORE ACRES IMPROVEMENT )
ASSOCIATION )
and )
BARBARA FREEMAN, )
    Petitioners )
    v. )      ORDER ON 80B APPEAL
BRIAN and SANDRA LIVINGSTON )
and )
TOWN OF CAPE ELIZABETH, )
    Respondents )

13    mc/

Petitioners Shore Acres Improvement Association and Barbara Freeman appeal

from a decision of the Town of Cape Elizabeth's Zoning Board of Appeals dismissing

their appeal as untimely.

## FACTUAL AND PROCEDURAL BACKGROUND

Shore Acres Improvement Association ("SAIA") is a voluntary neighborhood

association for residents of the Shore Acres Subdivision in Cape Elizabeth. (Compl. ¶ 1).

Barbara Freeman lives at 22 Pilot Point Road, across from the Livingstons.

Brian and Sandra Livingston own real estate at 29 Pilot Point Road in Cape

Elizabeth. (Compl. ¶ 6.) In November 2011, the Livingstons applied for a building permit

to replace a deteriorating deck and a deteriorating block wall on their property. (R. at 8.)

Code Enforcement Officer ("CEO") Bruce Smith approved the application on November

10, 2011. (R. at 7, 16.) Under Cape Elizabeth ordinances, the Livingstons were not

required to provide notice to neighbors on receiving the permit. (Tr. at 67.)

In August 2012, Mike Morse from the Maine Department of Environmental Protection ("DEP") inspected the Livingstons' property to determine whether the Livingstons had violated the Town's shoreland zoning provisions.[1] (R. at 5.) In a memo dated August 30, 2012, Mr. Morse states that he evaluated the location of the reconstructed deck and determined that it was located approximately 50 feet from the shoreline. (R. at 6.) Mr. Morse further states:

> The Town of Cape Elizabeth ordinance's shoreland zoning provisions require the zoning board of appeals approve the location of the new structure after considering that its location meets the shoreline setback to the greatest practical extent. After the ZBA approves the relocation the CEO would then issue a building permit at the prescribed location, assuming all other standards are complied with. In this case the CEO erred procedurally by not adhering to this ordinance requirement and approving the reconstruction of the new deck in the same location where the original structures had been located.

(R. at 6.)

After receiving Mr. Morse's memo, SAIA filed an appeal with the Cape Elizabeth Zoning Board of Appeals ("the ZBA") on September 19, 2012. (R. at 3.) On October 23, 2012, the ZBA held a hearing on SAIA's appeal. (R. at 1.) James Morra represented SAIA at the hearing and petitioner Barbara Freeman also participated. (R. at 1.); (Tr. at 62.) The ZBA did not allow inquiry into the merits or whether the petitioners could meet any exception to the 30-day window for appeal. (Tr. at 66.) On November 8, 2012, the ZBA decided that the appeal of the CEO's decision to issue a permit was untimely because it was brought more than 30 days after the permit was issued. (R. at 2.) The petitioners appealed to this Court on December 7, 2012 pursuant to M.R. Civ. P. 80B, requesting that the Court remand the case back to the ZBA for consideration of the merits of their appeal.

---

[1] The DEP conducted the site investigation in response to a complaint. (R. at 5). It is unclear from the record who lodged the complaint.

2

## DISCUSSION

Petitioners argue that the judicially created "good cause" exception to the applicable appeal period applies in this case. The Law Court has held that exceptions to a reasonable appeal period can apply "in those special situations in which a Court of competent jurisdiction finds special circumstances which would result in a flagrant miscarriage of justice unless, within a narrowly extended range," the appeal period is extended. *Keating v. Zoning Bd. of Appeals of Saco*, 325 A.2d 521, 524 (Me. 1974). In *Brackett v. Town of Rangeley*, the Law Court expanded the good cause exception to situations where a town has specified a definite appeal period: "When a town violates its own ordinance as to process and on the merits, equity will infer a good cause exception to an ordinance that requires a party to appeal within thirty days of the issuance of a building permit." *Brackett v. Town of Rangeley*, 2003 ME 109, ¶ 24, 831 A.2d 422. In *Viles v. Town of Embden*, the Law Court articulated the relevant factors for a court to consider in deciding whether the good cause exception applies:

> Given the rationale in *Keating*, lack of notice is a key factor, but it is not a determinative factor. Another factor is the amount of time the appellant waited to file the appeal after obtaining actual knowledge of the permit. Still other factors that may be appropriate involve whether the municipality violated its own ordinance and whether the permit holder violated the terms of the permit.

*Viles v. Town of Embden*, 2006 ME 107, ¶ 13, 905 A.2d 298 (internal citations omitted).

1. Waiver

As a threshold matter, the Livingstons argue that the petitioners have waived their good cause argument by failing to present evidence before the ZBA that it should apply. However, "the application of the exception is a judicial, and not an administrative, decision." *Viles v. Town of Embden*, 2006 ME 107, ¶ 9, 905 A.2d 298. Law Court

3

precedent is ambiguous as to whether a Zoning Board can consider the good cause exception. *See Gagne v. Lewiston Crushed Stone Co., Inc.*, 367 A.2d 613, 618 (Me. 1976) ("[A] Court of competent jurisdiction may reinstate the right of appeal to the board of zoning appeals . . . ."); *but see Brackett*, 2003 ME 109, ¶ 24, 831 A.2d 422 ("[T]he Board clearly erred in denying the Bracketts the good cause exception."). In this case, the ZBA concluded that it did not have the authority to waive the 30-day appeal period. (Tr. at 57.) It was therefore not possible for the petitioners to even raise the good cause exception. Moreover, to the extent Mr. Morra was allowed to present at the hearing, he addressed the issue of whether the Town violated its own zoning ordinance, which is one of the good cause factors. The Court finds that the petitioners did not waive their good cause argument.

2. Application of the Good Cause Factors

The Court finds that the petitioners have shown that three factors warrant the application of the good cause exception in this case.[2]

a. The Town's Violation of Its Own Ordinance

At issue here is Cape Elizabeth's zoning ordinance that provides:

Any nonconforming structure which fails to meet the required setback from a water body, tributary stream, or wetland and which is damaged or destroyed regardless of the cause, by more than 50% of the market value of the structure before such damage, destruction, or removal may be reconstructed or replaced provided that a building permit is obtained within one (1) year of the date of said damage or destruction. The reconstruction or replacement shall be in compliance with the water body, tributary stream or wetland setback requirement to the greatest practical extent as determined by the Zoning Board of Appeals in accordance with the purposes of this district.

---

[2] On the current record, the Court cannot determine whether the Livingstons' deck complies with the building permit they received. The Court need not determine that all factors apply in any given case. *See Viles*, 2006 ME 107, ¶ 18 n.1, 905 A.2d 298("We do not consider the factor of whether the municipality violated the Ordinance in the present case . . . .").

4

Cape Elizabeth Zoning Ordinance, § 19-4-4(B)(3) (Eff. October 15, 2009). The applicable setback requirement is 75 feet. (R. at 54.)

The Livingstons argue that the ordinance does not apply to their deck because it was not damaged or destroyed when they applied for the building permit. The court "liberally construes zoning provisions that limit nonconforming uses because of the underlying policy to gradually limit nonconforming uses." *Viles*, 2006 ME 107, ¶ 19, 905 A.2d 298. The ordinance explicitly provides that it applies to destruction "regardless of the cause" and references removal of the structure. Thus, a fair reading of the statute is that when more than 50% of the value of a nonconforming structure is removed and replaced, for whatever reason, the ordinance applies. Mr. Morse from DEP indicated that the deck was located approximately 50 feet from the shoreline. (R. at 6.) He concluded, therefore, that the ZBA was required to approve the replacement deck for compliance with the setback requirement. (R. at 6.) The Court agrees with Mr. Morse's interpretation of the ordinance. Thus, the Town violated its own zoning ordinance when the CEO failed to refer the matter to the ZBA for its approval.

b. Lack of Notice

The CEO's failure to bring the matter before the ZBA also precluded the petitioners from receiving any notice of the permit. In Cape Elizabeth there is no requirement to notify neighboring landowners of the receipt of a building permit. (Tr. at 67.) If the CEO had referred the matter to the ZBA, however, there would have been a public hearing with notice issued to interested parties, including petitioners. As a result of the CEO's procedural violation, the petitioners did not receive notice until they received Mr. Morse's memo on August 30, 2012.

c.  Prompt Action After Receiving Notice

Once the petitioners received Mr. Morse's memo, they acted promptly to appeal the issuance of the permit. On September 19, 2012, the petitioners filed an appeal with the ZBA. (R. at 3.) Petitioners filed within three weeks of receiving notice, which is within the normal 30-day period to appeal a CEO's decision to issue a building permit. Accordingly, the Court finds that the petitioners acted promptly once they received notice of the problematic permit.

The entry is:

1.  The judgment of the ZBA is VACATED.
2.  Remanded to the ZBA for consideration of the merits of the petitioners' claim.

Dated: December 13, 2013

_____
Joyce A. Wheeler
Justice, Superior Court

Shore Acres and Barbara Freeman-Richard Bryant Esq
McGovern, Town of Cape Elizabeth, ZBA (Town of Cape)-John Wall Esq
Brian and Sandra Livingston-John Shumadine Esq

6